# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-cr-174-1 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| AUTUMN ASHALINTUBBI | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion for return of funds [53] is granted. The government is to return $4,960.00 of the seized funds to Defendant within thirty (30) days of the date of this order.

## STATEMENT

Autumn Ashalintubbi ("Defendant") pleaded guilty to possession with intent to distribute cocaine, and on March 8, 2013 was sentenced to 36 months in prison. (Dkt. # 42.) This matter is before the Court on Defendant's motion for the return of funds confiscated from her by law enforcement. (Dkt. # 53.)

Defendant was arrested and charged in August 2011, having made several sales of cocaine base to a cooperating source working with the FBI. (Presentence Investigation Rep., Dkt. # 34, at ¶¶ 9-11.) In the course of these sales, the cooperating source paid Defendant a total of $5,800.00 in "buy money" provided by the government. (Sentencing Tr. 22, Mar. 8, 2013.) After Defendant's arrest, agents obtained a warrant to search her residence and seized 101.8 grams of

cocaine base, 17.4 grams of cocaine, and $10,760.00 in cash. (Presentence Investigation Rep., Dkt. # 34, at ¶ 14.) The government identified a portion of the seized funds as marked money that had been part of the buy money paid by the cooperating source. (*Id.*)

Defendant pleaded guilty, and her plea agreement stipulated that she repay the government the $5,800.00 in buy money she had received from the cooperating source. (Plea Agreement, Dkt. # 32, at ¶ 12.) In her presentence interview, Defendant insisted that of the $10,760.00 seized from her home only the $5,800.00 of buy money represented drug proceeds, while the rest of the seized funds were legitimate savings for her daughter's cotillion. (Presentence Investigation Rep., Dkt. # 34, at ¶ 18.) At her sentencing hearing held on March 8, 2013, there was a brief exchange about the funds recovered. The government indicated that only $1,600.00 of the seized cash was marked money from the cooperating source but a total of $5,800.00 had been paid to Defendant throughout the investigation. (Sentencing Tr. 22, Mar. 8, 2013.) The Court therefore ordered that Defendant pay $4,200.00 – the $5,800.00 total buy money minus the $1,600.00 in marked bills recovered – to the government immediately. (*Id.*) Contrary to Defendant's assertion in her motion for return of funds, there was no discussion of what would happen to the rest of the seized money and no promise to repay her the balance remaining after the buy money was deducted.

On November 17, 2014, Defendant moved for an order directing the government to return a portion of the money confiscated by officers at the time of her arrest. (Mot. Return Funds, Dkt. # 53.) The Court directed the government to respond to this motion, but the government indicated only that it was unable to respond without a transcript of the sentencing hearing. (Gov't's Resp., Dkt. # 55, at 4.) After such transcript was produced, the Court again directed the government to file a brief addressing what funds have been returned to Defendant

since her sentencing, and whether she is entitled to any additional repayment. (Mar. 23, 2013 Order, Dkt. # 58, at 3.) The government's brief in response to this order again failed to indicate what had happened to the funds in question and advanced no argument as to why they should not be returned, instead simply reciting that the transcript of the sentencing hearing failed to address any return of funds. (Gov't's Second Resp., Dkt. # 59, at 2.) The Court on April 8, 2015 gave the government one final chance to make an appropriate motion seeking authorization to confiscate the excess funds, and warned that if the government failed to do so by April 17, 2015 the Court would order the funds returned to Defendant. (Dkt. # 60.) That deadline having passed without any further action by the government, the Court orders the funds returned to Defendant.

In her motion, Defendant requests that $6,500.00 be returned out of what she claims was $10,900.00 seized in total. (Mot. Return Funds, Dkt. # 53.) Defendant's basis for these figures is unclear, as all the evidence in the record reflects that $10,760.00 was seized from her home. At the sentencing hearing, the Court ordered Defendant to repay only $4,200.00 rather than the full $5,800.00 in buy money. (Sentencing Tr. 22, Mar. 8, 2013.) But the Court intended that Defendant repay $4,200.00 *in addition* to forfeiting the $1,600.00 in marked money recovered from her home. This is consistent with Defendant's obligations under her plea agreement, as she agreed to repay the full $5,800.00 of buy money. (Plea Agreement, Dkt. # 32, at ¶ 12.) Accordingly, Defendant is entitled to a return of only $4,960.00 – the difference between the $10,760.00 seized and the $5,800.00 in buy money she was ordered to repay.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion for return of funds [53] is granted. The government is to return $4,960.00 of the seized funds to Defendant within thirty (30) days of the date of this order.

**SO ORDERED.**  ENTERED: April 24, 2015

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**